JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1795-KK-SHKx** | Date: | September 11, 2024 |
|---|---|---|---|
| Title: | *Sourced Foods, Inc. v. Adesa International, LLC* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Remanding Action for Lack of Subject Matter Jurisdiction

## I. BACKGROUND

On August 22, 2024, plaintiff Sourced Foods, Inc. ("Plaintiff") filed a Complaint against defendant Adesa International, LLC ("Defendant"), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF Docket No. ("Dkt.") 3, Compl.

On August 29, 2024, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded for lack of subject matter jurisdiction on the ground Plaintiff failed to establish complete diversity of citizenship. Dkt. 11. The Court ordered Plaintiff to file a response to the OSC no later than September 5, 2024. Id. at 2.

To date, Plaintiff has not filed a response to the Court's August 29, 2024 OSC.

## II. DISCUSSION

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears

the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. Complete diversity requires each plaintiff to be of a different citizenship than each defendant. Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). A corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, Plaintiff has not established complete diversity of citizenship. Plaintiff alleges it is a California corporation with its principal place of business in California. Compl. ¶ 2. Thus, for jurisdictional purposes, Plaintiff is a citizen of California. See 28 U.S.C. § 1332(c)(1). Plaintiff further alleges Defendant is a Delaware limited liability company with its principal place of business in California. Compl. ¶ 3. Thus, for jurisdictional purposes, Defendant is a citizen of both Delaware and California. See 28 U.S.C. § 1332(c)(1).

Hence, because both Plaintiff and Defendant are citizens of California, the Court lacks diversity jurisdiction over this matter. Accordingly, this action must be remanded for lack of subject matter jurisdiction.

## III.
## CONCLUSION

For the reasons set forth above, this action shall be **REMANDED** to state court. (JS-6)

**IT IS SO ORDERED.**